NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**GAMEVICE, INC.,**
*Plaintiff-Appellant*

**v.**

**NINTENDO CO., LTD., NINTENDO OF AMERICA, INC.,**
*Defendants-Appellees*

———————————

2024-1467

———————————

Appeal from the United States District Court for the Northern District of California in No. 3:18-cv-01942-RS, Judge Richard Seeborg.

———————————

Decided:  January 16, 2026

———————————

ERIK R. PUKNYS, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for plaintiff-appellant.  Also represented by JAMES R. BARNEY, SMITH BRITTINGHAM, IV.

DAN L. BAGATELL, Perkins Coie LLP, Hanover, NH, argued for defendants-appellees.  Also represented by GRANT EDWARD KINSEL, THERESA H. NGUYEN, Seattle, WA.

———————————

2                    GAMEVICE, INC. v. NINTENDO CO., LTD.

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and
ANDREWS, *District Judge*.[1]

CHEN, *Circuit Judge*

Gamevice, Inc. (Gamevice) appeals a decision by the
United States District Court for the Northern District of
California granting summary judgment of noninfringe-
ment in favor of Nintendo of America, Inc. and Nintendo
Co., Ltd. (collectively, Nintendo). *Gamevice, Inc. v. Nin-
tendo Co.*, No. 18-CV-01942-RS, 2023 WL 7194871 (N.D.
Cal. Oct. 31, 2023) (*Summary Judgment Order*). The dis-
trict court determined that the Nintendo Switch console
(Switch) did not infringe claims 3, 4, 6, 7, and 16 of U.S.
Patent No. 9,808,713 ('713 patent) and claim 6 of U.S. Pa-
tent No. 10,391,393 ('393 patent) because the Switch does
not have (1) "confinement structures" that hold a compu-
ting device and (2) "apertures" that "secure an instruc-
tional input device." *See id.* at \*7. For the reasons
explained below, we *affirm and remand.*

BACKGROUND

Gamevice brought this case against Nintendo, alleging
that Nintendo infringed three of its patents—the '393 pa-
tent, the '713 patent, and United States Patent No.
9,855,498 ('498 patent)—all of which have the same ti-
tle: "Game Controller with Structural Bridge." During the
course of the litigation, the district court invalidated all the
asserted claims of the '498 patent,[2] narrowing the dispute
to claims 3, 4, 6, 7, and 16 of the '713 patent and claim 6 of
the '393 patent. *See Gamevice, Inc. v. Nintendo Co.*, 661 F.

---

[1]    Honorable Richard G. Andrews, District Judge,
United States District Judge for the District of Delaware,
sitting by designation.

[2]    The invalidated asserted claims of the '498 patent
are not on appeal.

Supp. 3d 971, 980 (N.D. Cal.), *on reconsideration*, 677 F. Supp. 3d 1069 (N.D. Cal. 2023); *Gamevice, Inc. v. Nintendo Co.*, 677 F. Supp. 3d 1069, 1075 (N.D. Cal. 2023).

The '713 and '393 patents (asserted patents) disclose an accessory device that attaches to a handheld computing device and enables users to play games. *See* '713 patent at Abstract; '393 patent at Abstract. Specifically, the asserted patents describe a combination of (1) a "computing device" with a display screen, such as a smartphone or tablet, and (2) an accessory that can be attached to opposing sides of the computing device to provide controls for gameplay—buttons and joysticks—and can be removed to return the device to normal operation. *See* '713 patent, col. 1 ll. 24–46; '393 patent, col. 1 ll. 32–54.



FIG. 13

'713 patent at FIG. 13; '393 patent at FIG. 13. Relevant to this appeal, the asserted patents disclose a "pair of control

modules 252" having "input module apertures 254," each aperture securing "an instructional input device 256." '713 patent, col. 8 ll. 15–20; '393 patent, col. 8 ll. 22–27. The asserted patents explain that the input device can be buttons or a joystick. *See* '713 patent, col. 5 ll. 45–49; '393 patent, col. 5 ll. 53–57. Before us, the parties dispute the terms "computing device," "confinement structures," and "input module apertures" that "secure" "instructional input devices." *See* Appellant Br. 21–24; Appellee Br. 3–4.[3]

In the proceedings below, the district court construed "a pair of confinement structures/confinement structure" to mean "physical component(s) that hold[] a computing device." *Gamevice, Inc. v. Nintendo Co.*, No. 18-CV-01942-RS, 2023 WL 322901, at \*10 (N.D. Cal. Jan. 19, 2023) (*Markman Order*). The court further construed "computing device" to mean "electronic equipment controlled by a CPU." *Id.* Although the court did not construe the term "input module apertures," it gave "aperture" its plain and ordinary meaning—"hole"—in the summary judgment order on appeal. *Summary Judgment Order*, 2023 WL 7194871, at \*6.

With these constructions, the district court granted Nintendo's motion for summary judgment of noninfringement of all the remaining claims. It examined the alleged infringing product—the Switch—which includes a console and two "Joy-Con" controllers that slide into the side rails attached to the opposite ends of the console. It determined that there is no genuine dispute of material fact that the Switch lacks the claimed "confinement structures" that hold a "computing device," nor does it have the required

---

[3] Gamevice states that claims 1 and 3 of the '713 patent are representative claims, Appellant Br. 11–13, and Nintendo does not contest such characterization, *see generally* Appellee Br. We accordingly cite to these representative claims of the '713 patent.

"apertures" that "secure" an instructional input device. *Id.* at *6–7. The district court also held, in the alternative, that most of those claims, *i.e.*, claims 1, 2, 8, and 17–19 of the '713 patent and claims 1–4 and 7 of the '393 patent, were invalid as anticipated by the Nintendo Switch. *See Gamevice, Inc. v. Nintendo Co.*, 661 F. Supp. 3d 971, 980 (N.D. Cal.), *on reconsideration*, 677 F. Supp. 3d 1069 (N.D. Cal. 2023). Gamevice now appeals the district court's rulings. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## STANDARD OF REVIEW

We review a district court's grant of summary judgment under the law of the regional circuit. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1315 (Fed. Cir. 2015). The Ninth Circuit reviews a district court's grant of summary judgment de novo. *Arconic, Inc. v. APC Inv. Co.*, 969 F.3d 945, 950 (9th Cir. 2020). "Claim construction is reviewed de novo, and any underlying factual determinations are reviewed for clear error." *Azurity Pharms., Inc. v. Alkem Lab'ys Ltd.*, 133 F.4th 1359, 1363 (Fed. Cir. 2025).

## DISCUSSION

The district court granted summary judgment of non-infringement on two independent grounds, determining that no genuine issue of material fact exists as to whether the Switch has the claimed "confinement structures" or the claimed "apertures" that "secure an instructional input device." *Summary Judgment Order*, 2023 WL 7194871, at *7. The district court held that there is no genuine dispute of material fact that the Switch does not possess "input module apertures" that secure the Switch's buttons or joysticks for two separate reasons: (1) the Switch joysticks are secured with screws, not apertures; and (2) the 0.2mm radial clearance between the respective Switch apertures and the buttons and joysticks demonstrates that the apertures do not secure the buttons and joysticks. *Summary Judgment Order*, 2023 WL 7194871, at *6. We agree the Switch lacks

the claimed "apertures" and therefore affirm the grant of summary judgment for Nintendo on that ground alone.[4]

The asserted claims require "*each*" of the "input module apertures" to "secure[] an instructional input device." *See, e.g.*, '713 patent, col. 18, ll. 15–18 (emphasis added). This means all apertures must individually secure their respective input devices. *See ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1379 (Fed. Cir. 2003) (claim language requiring algorithm to evaluates attributes of "each field" required the algorithm to use "all fields"). As Gamevice concedes, "'instructional input devices' include both buttons and joysticks." Appellant Br. 45–46. Therefore, both the Switch's buttons and joysticks must be secured by the apertures.[5]

Here, neither the Switch buttons nor joysticks are secured by the apertures. It is undisputed that "secure"

---

[4] During oral argument, Nintendo conceded that we can affirm the district court's grant of summary judgment of noninfringement without addressing the district court's potentially inconsistent invalidity findings because the district court ruled in the alternative that the Switch also did not infringe the invalidated claims. Oral Arg. at 32:45 – 34:10 (available at https://www.cafc.uscourts.gov/oral-arguments/24-1467_09 042025.mp3); *see also* J.A. 966. Nintendo agreed to file a motion on remand, asking the district court to reconsider its invalidity ruling and simply adopt the alternative noninfringement ground. *Id.*

[5] Gamevice argues that Nintendo waived this argument on appeal because it was not raised below. Appellant Resp. 16. Not so. In its motion for summary judgment, Nintendo argued that the Switch does not meet the "input modules apertures" limitation because "[t]he buttons *and* joysticks are not secured by the holes." J.A. 856 (emphasis added).

means "hold in place" and that "aperture" is a "hole." *See generally*, Appellant Br.; Appellee Br.; Appellant Resp. "[T]he parties [also] agree that the buttons are held in by a flange at the bottom." *Summary Judgment Order*, 2023 WL 7194871, at *6. That is, it is not disputed that the flange, to which the Switch buttons are attached, is secured in position by the rubber actuator, circuit board, and pins, all of which are sandwiched between the upper and lower housings of the Joy-Con controller, *see* J.A. 2503 (Nintendo engineer who designed the Switch describing how the combination of the rubber flange and the circuit board secured the buttons); J.A. 876–77. The holes, through which the Switch buttons and joysticks protrude, are larger in size than the buttons and joysticks, and thus do no work to secure these input devices in a fixed position. Summary judgment is therefore proper because the buttons are not secured by the claimed apertures.

Even assuming the buttons are secured by the apertures, Gamevice still cannot prevail. Because the Switch joysticks are undisputedly secured to the upper housing with screws rather than apertures, the Switch fails to meet the "input module apertures" limitation. *See* J.A. 2503 (Nintendo engineer who designed the Switch attesting that "the joystick passes through the hole and then is secured to the upper housing with two M1.4 x 3.5 screws"). The district court thus correctly concluded that "[e]ven if the [Switch controller's] buttons . . . comport with the claim limitation, the joysticks [of the controller] are not secured with the apertures but with screws" and therefore the Switch controller does not meet the "input module apertures" limitation. *Summary Judgment Order*, 2023 WL 7194871, at *6.

Gamevice contends the district court erred in two respects. First, the court's statement that "apertures themselves cannot secure anything" contradicts the patent specification, which shows that "each input module aperture 254[] secures an instructional input device 256."

Appellant Br. 43–44 (citing '713 patent, col. 8 ll. 18–23). Second, the court improperly construed "secure" to exclude the use of additional components, such as a flange or a screw, to hold the instructional input device in place. *Id.* at 45. Because the specification is silent on how the buttons are secured, Gamevice contends the claimed inventions are agnostic as to whether additional components are used to secure the instructional input devices. *Id.* (citation omitted).

Gamevice misreads the district court's summary judgment order. First, the district court did not say that the claimed apertures categorically "cannot secure anything." Rather, it found that the specific apertures Gamevice identified in the accused Switch "themselves cannot secure anything [because] the parties agree that the buttons are held in by a flange at the bottom." *Summary Judgment Order*, 2023 WL 7194871, at *6. Second, to the extent that Gamevice now construes "secure" to allow for the use of housing material surrounding the holes (and not the holes themselves) to hold the instructional input devices in place, Gamevice never requested such a construction in front of the district court. *See Markman Order*, 2023 WL 322901, at *3 ("[t]he parties present ten disputed terms for constructions," none of which relates to the "input module apertures" limitation). Even if this argument is not waived, Gamevice does not point to any part of the specification or its expert report to support this construction. *See* Appellant Br. 45.

Gamevice's expert did not advance such a construction, but simply identified the "multiple openings for the Joy-Con buttons and joysticks . . . " as "input module apertures . . . [that] secure[] multiple instructional input devices, including joysticks and buttons."   J.A. 2560 ¶ 81 (Gamevice's expert report).



*Id.*  The specification also does not define "secure" to include the use of any housing materials apart from the apertures themselves, and we see reason to do so.   *See Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) ("To act as its own lexicographer, a patentee must clearly set forth a definition of the claim term other than its plain and ordinary meaning" and must "clearly express an intent to redefine the term." (internal quotations omitted)).

Gamevice alternatively contends the district court improperly discounted its expert's testimony that the holes secure the buttons through the relative size of the holes compared to the size of the flange. *See* Appellant Br. 45. Its expert testified that "it is th[e] interaction of [the] flange with the holes, and the proper sizing of the holes, that allows the button to both protrude from the housing and yet still be secured in place. . . . [I]f the holes were bigger than the flange, the buttons would fall out, so the size of the holes secures the buttons in place." Appellant Br. 45 (citing J.A. 941 ¶ 54). Gamevice faults the district court for focusing on the joysticks while ignoring that the buttons are secured using the input module apertures. *Id.* at 45–46. Because "instructional input devices" include both buttons and joysticks, Gamevice contends infringement is established if the apertures secure the buttons, regardless of whether they secure the joysticks. *Id.*

Gamevice is wrong. Its expert's counterfactual—that buttons would fall out if the holes were larger—does not show that the holes secure the buttons. The problem with this argument is that it fails to acknowledge, that under this theory, it is the wall material *surrounding* the hole—not the hole itself—that performs any securing function. Here, the Switch buttons are secured by a flange on their back side that is larger than the holes through which the buttons protrude. *See* J.A. 2503 (Nintendo engineer who designed the Switch testifying that "[t]he flange on the backside of the buttons prevents the buttons from falling through the holes in the housing."). As discussed previously, this flange is "secured and supported from behind by the . . . [rubber] Actuator Contact," which is "sandwiched between the housing and a printed circuit board, which is fastened to the housing with screws." J.A. 876. Accordingly, it is "the combination of the housing and actuator contact, *not* the holes . . ., [that] secures and supports the buttons when the buttons are not being pressed." *Id.* at 877. Gamevice's own expert does not rebut that the Switch

holes merely "allow the buttons and joysticks to pass through and move within." J.A. 875; *see* 940–41 ¶¶ 50, 54. Neither the specification nor the prosecution history redefines "apertures" to include the surrounding housing material, and Gamevice never requested such a construction below. The district court thus correctly found no genuine dispute of material fact that the identified apertures do not "secure" the buttons. In any event, Gamevice's argument does not address the undisputed fact that the Joy-Con's joysticks are held in place by screws—not by the apertures through which they protrude. *See Summary Judgment Order*, 2023 WL 7194871, at *6. Gamevice therefore cannot prove that both the buttons and joysticks are secured by the Switch's purported apertures, making summary judgment proper.

## CONCLUSION

We have considered Gamevice's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm and remand* to permit Nintendo to move the district court to vacate its invalidity ruling and enter judgment based on noninfringement.

**AFFIRMED AND REMANDED**

## COSTS

No costs.